IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM DALE BRAMLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-187-WHA |
| | ) | [WO] |
| SHERIFF DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff filed a pleading on April 10, 2019, that the court construed as a request for a preliminary injunction. Doc. 7. Plaintiff seeks to enjoin Defendants from withholding meals and threatening his life. *Id.* On April 11, 2019, the court entered an order directing Defendants to show cause why Plaintiff's motion for preliminary injunction should not be granted. Doc. 8. Defendants filed a response on April 25, 2019, supported by affidavits and relevant jail records addressing Plaintiff's request for preliminary injunctive relief. Docs. 9, 9-1, 9-2, 9-3. Upon review of the motion for preliminary injunction, Defendants' response to the motion, and Plaintiff's reply (Doc. 25), the court concludes the motion is due to be denied.

### II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may

cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"'" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

In their response to the motion for preliminary injunction, Defendants deny that they violated Plaintiff's constitutional rights regarding his allegations of not being fed every day, having his life threatened, and being assaulted by Officer Murphy on March 30, 2019. Defendants state

that inmates at the jail are served three meals a day. Defendants maintain that they are unaware of Plaintiff's being denied any meals. Defendants further state that jail officials have reviewed video recordings of food service at the Houston County Jail from March 15, 2019, through April 10, 2019,[1] which show Plaintiff leaving his cell, picking up a food tray, and returning to his cell at every meal service, three times a day. Regarding Plaintiff's allegation of an assault by Officer Murphy on March 30, 2019, Defendants maintain that Officer Murphy was assigned to work in a different area of the jail from where Plaintiff was housed on March 30, 2019, and video jail camera footage of March 30, 2019, reflects no interaction between Plaintiff and Officer Murphy on that date. Finally, Defendants deny threatening or retaliating against Plaintiff. Docs. 9-1, 9-2, 9-3.

Plaintiff has not made the demanding showing required for this extraordinary form of relief. Regarding the first prerequisite for issuance of a preliminary injunction, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of the claims on which he seeks injunctive relief. Plaintiff's request also is devoid of any allegation that he will suffer specific and irreparable harm if an injunction is not issued. To establish irreparable injury, Plaintiff must show that he will suffer harm that "cannot be redressed by a legal or an equitable remedy" through the ordinary course of litigation. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.") (internal quotation omitted). Finally, it is impossible to determine what Plaintiff's requested relief would entail, which prevents the court from assessing the burden an injunction would have on the Houston County Jail, and

---

[1] Plaintiff filed his complaint on March 15, 2019, and filed his request for preliminary injunctive relief on April 10, 2019.

whether granting such relief would harm the public interest. Issuance of a preliminary injunction is not warranted in this case.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1.  The Motion for Preliminary Injunction (Doc. 7) be DENIED; and

2.  This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on **or before July 18, 2019**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 3rd day of July, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge